MICHAEL WHITNEY & another, Executors *vs.* JOHN S. TYLER & another.

The maker of a note for three thousand dollars, payable in one year, with interest semiannually, paid a bonus of ninety dollars, at the time of giving the note, and also made one semiannual payment of interest before the note became due: In an action on the note, the jury found that the contract was usurious, and that the amount of the usury was ninety dollars. *Held*, that the forfeiture to be deducted, under the Rev. Sts. *c.* 35, § 2, was eight hundred and ten dollars, being threefold the amount of the bonus and of the lawful interest for one year.

THIS action was brought by the plaintiffs, as executors of the will of William Leach, to recover the amount of a promissory note for three thousand dollars, dated October 6th 1836, and signed by the defendants, payable to the plaintiffs' testator, or order, in one year, with interest semiannually. The writ was dated October 4th, and was served October 5th 1845.

On the trial in the court of common pleas, on the 7th of April 1845, before *Wells*, C. J. it appeared that, at the time of the negotiation of the loan, for which the note was given, a bonus of three per cent. (ninety dollars) was paid by the defendants to the testator, and that one semiannual payment of interest was made before the note became due.

The jury were directed, among other things, to inquire whether the contract was usurious, and if so, what was the amount of the usury; and they having found that the contract was usurious, and that the amount of the usury was ninety dollars, they were then directed by the judge to return

a verdict for the defendants, on the ground, that the forfeiture to be deducted from the plaintiffs' claim, on account of the usury, was greater in amount than the whole sum due on the note. The jury rendered their verdict accordingly ; and the defendants filed exceptions.

*S. E. Guild*, for the plaintiffs, argued, on the authority of *Sumner* v. *Williams*, 1 Met. 398, that the jury should have been directed to render a verdict for thirty six hundred and thirty seven dollars and fifty cents, which sum was the amount of the principal of the note, three thousand dollars, and interest thereon for eight years and fifteen days, viz. fourteen hundred and forty seven dollars and fifty cents, deducting the sum of eight hundred and ten dollars, which last sum was threefold the amount of the bonus, ninety dollars, and of the first year's interest, one hundred and eighty dollars.

*Park*, for the defendants, contended that the "amount of the whole interest reserved or taken " was fifteen hundred and thirty seven dollars and fifty cents ; being the sum of the interest paid and due on the note, according to its terms, fourteen hundred and forty seven dollars and fifty cents, and of the bonus, ninety dollars ; and that as threefold this amount, viz. forty six hundred and twelve dollars and fifty cents, exceeded the principal and interest due on the note, the verdict was rightly found for the defendants. *Parker* v. *Biglow*, 14 Pick. 436.

SHAW, C. J. In the present case, it appears that at the time of the original loan of three thousand dollars, the sum of ninety dollars, by way of bonus or premium, was either deducted out of the three thousand dollars, or paid by the borrower to the lender, and thereupon a promissory note was given for the full sum of three thousand dollars, payable in one year, with interest semiannually. This having been found to be usurious, the only question is, what sum, by force of the Rev. Sts. c. 35, § 2, is to be forfeited and deducted. As the law then stood, it directed that the plaintiff should forfeit threefold the whole interest reserved or taken. On the

part of the defendant, it is contended, on the authority of *Parker* v. *Biglow*, 14 Pick. 436, that interest should be computed down to the time of the trial, and three times the amount, thus found, deducted. On the part of the plaintiff, it is insisted, that only the interest stipu ̂ated for and contracted to be paid, should be thus computed, trebled and deducted, on the authority of the case of *Sumner* v. *Williams*, 1 Met. 398. Since the decision of the latter case, another has occurred, involving the construction of this statute, in which the distinction is taken between interest reserved or taken, and interest paid by the ̀borrower or received by the lender. *Brickett* v. *Minot*, 7 Met. 291.

. The terms "reserved or taken" are held to include interest, contracted for or stipulated to be paid, or actually paid at the time of the original loan, and as a part of the transaction ; whereas the terms "paid and received" are held to apply to money paid for forbearance and giving day of payment, upon a contract originally not usurious. In this respect, this case qualifies a remark made in giving the opinion in *Sumner* v. *Williams*, not, however, material to the decision, that the word "taken" applies only to interest actually received for forbearance. It may sometimes so apply, but we are satisfied that, as used in the statute, in connexion with the word "reserved," it means interest originally paid or contracted to be paid, by which the contract is rendered usurious, and not to usurious interest subsequently received for forbearance on a contract originally free from a usurious taint. By the statute, the forfeiture is to be threefold the interest reserved or taken. The forfeiture is to take place in an action brought on a contract or assurance for the payment of money, with interest at a greater rate than six per cent. When a note is payable on demand with interest, or at a certain day, with interest after, till paid, then the payment of interest, during the whole time the note has to run, and until the principal is paid, is stipulated for, and, according to the terms of the statute, "reserved." But when interest is given in making up judgment on a note when not stipulated for, as upon a note paya-

ble at a day certain, though called interest, it is, in effect, damages for the detention of the debt, and is fixed at six per cent., because that rate is fixed by law as the rate of interest when it is not fixed by contract. *Oriental Bank* v. *Tremont Ins. Co.* 4 Met. 1.

When a bonus is deducted out of the original loan, so that, in effect, the note is given for a larger sum than that actually advanced, then a stipulation to pay interest on the face of the · note is a stipulation to pay interest at a higher rate than six per cent. on the sum actually advanced, and would of course be a usurious contract. But if such note were payable at a day certain, the contract would be to pay usurious interest to that time, and no longer ; and to that extent it is interest " reserved ; " but as all interest beyond that time, as it is usually computed from the time a note falls due till the time of trial, being given by way of damages for detention of the debt, it seems to follow as a necessary consequence, that damage must be computed, not on the nominal amount of the note, but on the sum actually advanced, when that is proved.

Perhaps this view of the true construction of the statute will not perfectly reconcile the cases which are supposed to be conflicting ; but we think it will go far towards it. The case of *Parker* v. *Biglow*, 14 Pick. 436, was upon a usurious note, payable on demand. Of course that was a promise to pay interest until the principal should be paid. The only point, therefore, was, whether the usurious interest should stop at the date of the suit, which, to many purposes, is taken to be a demand, or whether the contract should be considered in force, so that the interest should be brought down to the time of the trial. The court adopted the latter as the ground of their decision. But in the same case, it was held, that the interest to be allowed to the plaintiff for the delay of this judgment, whilst the case was under advisement, should be at six per cent. ; because it resulted from no contract of the parties, but from an equitable rule of law, in assessing damages for the detention of a debt.

Assuming, as the court did in that case, that the interest,

to be computed by the jury down to the time of rendering their verdict, is the interest stipulated for by the contract, and not damages allowed for the detention of the debt, by an equitable rule of law, independent of the contract, then that decision is quite in harmony with the subsequent one of *Sumner* v. *Williams*, 1 Met. 398. It does not distinctly appear in the preceding case of *Brigham* v. *Marean*, 7 Pick. 40, whether the note was payable on demand or not; but it may be presumed that it was; and if so, the same remarks apply to it.

But if the cases are not entirely reconcilable, the court are of opinion that the present case comes exactly within the case of *Sumner* v. *Williams*, 1 Met. 398, and must be governed by it. It is a note payable at a day certain, to wit, in one year with interest; and there is no stipulation for the payment of interest for any further time.

The sum of ninety dollars was taken upon the original contract as a bonus, or interest in advance, and rendered the note usurious. The promise was to pay in one year, with interest semiannually; so, at the end of the first half year, there was a promise to pay ninety dollars, and at the expiration of the last half year ninety dollars. Beyond that there was no interest "reserved or taken." These added make two hundred and seventy dollars, and this trebled is eight hundred and ten dollars, which, we think, is the sum to be deducted from the principal and interest due on the note.

It affords some satisfaction to consider that this question has become comparatively unimportant, by *St.* 1846, *c.* 199, by which it is provided that the plaintiff shall forfeit threefold the amount of the interest unlawfully reserved or taken, and no more.

*Verdict set aside, and new trial granted*